**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **ELIZABETH PEASE** *et al.*, | * |  |
| **Plaintiffs** | * |  |
| **v.** | * | **CIVIL NO.  JKB-12-1844** |
| **ABBOTT LABORATORIES, INC.,** | * |  |
| **Defendant** | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM**</u>

*I.  Background*

Elizabeth Pease and her husband, Ronald Pease, filed this lawsuit against Abbott Laboratories, Incorporated, alleging Abbott was strictly liable for and negligent in relation to the manufacture, design, and marketing of Abbott's brand-name prescription drug, Humira. (Compl., ECF No. 1.)  The Peases allege that Mrs. Pease suffered injury from taking Humira and seek $10 million in damages.  Their complaint has eleven counts, and Abbott has filed a motion to dismiss as to two of those counts, specifically, Count II and Count IX, for failure to state a claim.  (ECF No. 8.)  The Court has considered the motion, Plaintiffs' response in opposition (ECF No. 18), and Abbott's reply (ECF No. 21).  No hearing is necessary.  Local Rule 105.6. The motion will be granted.

*II.  Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

### III.  Analysis

#### A.  Count II – Strict Liability for Manufacturing Defect

Specifically with respect to this claim, Plaintiffs allege that Abbott is responsible for the manufacture of Humira (Compl. ¶ 8), that the product "was in a defective condition" when it left Abbott's control (*id.* ¶ 46), that the product "was unreasonably defectively manufactured" because it "unreasonably increased" the risk of various infections and side effects (*id.* ¶ 48), and that it reached Mrs. Pease "without any substantial change in its condition" (*id.* ¶ 49).  When one strips away the conclusional labels, the factual allegations amount to no more than Plaintiffs' saying that the product left Abbott's control and reached Mrs. Pease without substantial change in its condition.  Plaintiffs have failed to plead specific factual content that allows the Court to conclude that Abbott defectively manufactured Humira.  Abbott's motion to dismiss will be granted as to Count II.

**B.   *Count IX – Violation of Maryland's Consumer Protection Act***

This count is brought pursuant to Md. Code Ann., Com. Law § 13-101 *et seq.*, popularly

known as the Maryland Consumer Protection Act ("MCPA").   In it, Plaintiffs allege the

following:

> 1. "Abbott engaged in unfair and deceptive practices in the promotion, marketing and warning of its product Humira."  (Compl. ¶ 108.)
>
> 2. "Abbott engaged in deceptive practices by engaging in false and misleading advertising which omitted material facts with the intent that Mrs. Pease and consumers rely upon these representations as complete and accurate, including indicating that Humira was safe for use concomitantly with methotrexate and/or corticosteroids, and omitting that Humira had reportedly caused central nervous system problem [*sic*] due to autoantibodies or demyelination, and encephalitis and/or meningitis in patients.   Additionally, Abbott falsely and deceptively marketed Humira as a safer alternative to other anti-TNF inhibitor drugs, i.e., its competitors."  (*Id.* ¶ 109.)
>
> 3. "As a direct and proximate cause of these deceptive practices, Plaintiffs have suffered economic and non-economic damages including pain and suffering, mental anguish, past and future medical bills, loss of earning capacity, depression and short and long term memory loss."  (*Id.* ¶ 110.)

The MCPA permits anyone to "bring an action to recover for injury or loss sustained by

him as the result of a practice prohibited by this title."  § 13-408(a).  Plaintiffs' allegations fail to

satisfy the causation standard of § 13-408.  *See Galola v. Snyder*, 613 A.2d 983, 985 (Md. 1992)

(not enough for tenant to show unfair and deceptive trade practices by landlord; tenant must also

show "actual loss or injury caused by the deceptive trade practices"); *Citaramanis v. Hallowell*,

613 A.2d 964, 968 (Md. 1992) (same); *Golt v. Phillips*, 517 A.2d 328, 333 (Md. 1986) ("in

determining the damages due the consumer, we must look only to his actual loss or injury *caused*

*by the unfair or deceptive trade practices*" (emphasis added)).  It is not enough for Plaintiffs to

allege conduct consistent with a deceptive trade practice, presuming their allegations are

sufficient on that point; it is essential for them to allege specific facts to permit the Court to

conclude their claimed injuries were caused by the alleged deceptive trade practice.  They have

failed to carry this burden of pleading.  In addition, because this count is pled under a theory of fraud, Plaintiffs have not satisfied the particularity requirement of Federal Rule of Civil Procedure 9(b).

Abbott also argues that the MCPA is inapplicable to Abbott's sale of prescription drugs because prescription drugs are not "consumer goods" under the MCPA and because the MCPA's professional services exemption applies to it.  This argument is persuasive and serves as an alternative basis for the Court's dismissal of Count IX.  In *Hogan v. Md. State Dental Ass'n*, 843 A.2d 902 (Md. Ct. Spec. App. 2004), the Maryland Court of Special Appeals concluded that dental fillings were not consumer goods under the MCPA, which defines them as goods "which are primarily for personal, household, family, or agricultural purposes."  843 A.2d at 906 (citing § 13-101(d)).  The court reasoned that dental fillings are not purchased by consumers as a good but are selected and used by a practitioner as part of a professional service, and the MCPA expressly exempts professional services rendered by medical or dental practitioners. § 13-104(a).  Similarly, the Humira used by Mrs. Pease was selected by her physician and prescribed for her, not as a consumer good, but as part of her course of medical treatment.  Thus, this would seem to fit into the statutory exemption.  As well, the section authorizing an action for damages, § 13-408, also includes an exclusion that is pertinent:

> Notwithstanding any other provision of this section, a person may not bring an action under this section to recover for injuries sustained as a result of the professional services provided by a health care provider, as defined in § 3-2A-01 of the Courts Article.

§ 13-408(d).  This exclusion is worded broadly and is not restricted to actions against health care providers.  Instead, it bars an action "to recover for injuries sustained as a result of the professional services provided by a health care provider."  The professional services provided by Mrs. Pease's physician included his prescribing certain medicines for her, and her injuries were

allegedly sustained as a result of her using one of those medicines. This would seem to fit the statutory exclusion. For all of the foregoing reasons, Count IX will be dismissed.

### C. Request to Amend Complaint

Plaintiffs have alternatively moved for leave to amend the complaint with regard to Count II to "provide a more definitive statement of the facts and allegations." (Pls.' Opp. 1 & Supp. Mem. 5, ECF No. 18.) Plaintiffs' request, which is devoid of specific factual allegations that would cure the defects noted in Count II, falls short of procedural requisites for obtaining leave to amend a complaint, Local Rule 103.6, and will be denied without prejudice.

### IV. Conclusion

By separate order, Counts II and IX will be dismissed, and Plaintiffs' request for leave to amend their complaint will be denied without prejudice. An additional order will set this matter in for a scheduling conference.

DATED this 16th day of January, 2013.

BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge
